

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 20  PM 4:40

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**EDITH SANDERS**                                         **CIVIL ACTION**

**VERSUS**                                               **NO. 04-3004**

**JOHNNIE JONES, WARDEN**                                **SECTION "F"(6)**

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). Accordingly, it is recommended that the petition be **DENIED WITH PREJUDICE.**

## I.  Procedural History

Petitioner, Edith Sanders, is a state prisoner currently incarcerated in the Louisiana Correctional Institute for Women. On September 22, 1999, petitioner pled guilty to two counts of distributing cocaine and was sentenced to five years incarceration.[1] The

---

[1] *See* State rec., vol. 2 of 4, p. 15.

Fee
Process
X  Dktd
✓  CtRmDep
___ Doc. No

State subsequently filed a multiple offender bill of information against petitioner and on March 15, 2000, petitioner's original five-year sentence was vacated and she was sentenced, as a second felony offender, to 15 years incarceration.[2]

Petitioner filed an appeal with the Louisiana Fifth Circuit Court of Appeal, challenging her adjudication as a multiple offender. Specifically, petitioner claimed that the following errors were made in connection with her multiple offender hearing: "(1) [T]he fingerprints on the arrest register failed to establish a valid conviction of defendant; (2) the sentencing range was not stated in the prior *Boykin* examination; and, (3) error patent was committed when the court improperly accepted an *Alford* plea without a factual basis." *State v. Sanders*, 784 So.2d 19, 21 (La. App. 5 Cir. 2001) (footnotes omitted). The state appellate court, finding no merit to petitioner's arguments, affirmed petitioner's convictions and her multiple offender adjudication. The court, however, remanded the matter for resentencing due to the trial court's failure to "specify for which count the sentence was enhanced." *Id.* at 24.[3] Pursuant to the state appellate court's remand, on September 21, 2001, the trial court resentenced petitioner, specifying that petitioner was receiving the enhanced 15-year sentence in connection with her conviction on count 1.[4]

---

[2] *See* State rec., vol. 2 of 4, p. 18.

[3] Under applicable Louisiana law, only one count of a multi-count indictment or bill of information can be used for enhancement purposes. *Id.*

[4] *See* State rec., vol. 3 of 4, p. 12.

2

Petitioner filed an appeal in connection with her resentencing. In this second appeal, petitioner, once again, primarily attacked her adjudication as a multiple offender, arguing: 1) The trial court erred in adjudicating her to be a second-felony offender because the State relied upon a conviction for a crime which, at the time the crime was committed, was not considered to be a "crime of violence" as required under Louisiana's recidivist statute; 2) the trial court erred when it stipulated that her sentence was to be served without the benefit of parole; 3) the trial court, by adjudicating her to be a second-felony offender, "violated the Ex Post Facto law"; and 4) the trial court erred by adjudicating her to be a second-felony offender because the State "failed to show prima facie evidence of the discharge date of the predicate offense and subsequent sentence."[5] On November 12, 2003, the Louisiana Fifth Circuit Court of Appeal, pursuant to its opinion, *State v. Sanders*, 861 So.2d 589 (La. App. 5 Cir. 2003), once again affirmed petitioner's convictions and sentences. The court addressed claim 2), petitioner's assertion that the trial court erred when the court stipulated that her sentence was to be served without the benefit of parole, on the merits, acknowledging that such a stipulation was in error. The court observed that LSA-R.S. 40:967(B)(4)(b), the statute under which petitioner was sentenced, requires that only the first five years of the sentence be served without the benefit of parole, and that the pertinent portion of the recidivist statute, LSA-R.S. 15:529.1(G), does not prohibit parole. The state

---

[5]Copies of petitioner's state appellate court brief are contained in the State rec., vols. 1 and 3 of 4.

appellate court, however, with respect to claims 1), 3) and 4), did not address the merits, determining:

> Procedurally, these issues are not properly before this Court in this appeal. Following the original appeal, we affirmed defendant's convictions and multiple offender adjudication and remanded the case only for resentencing. Since the above assignments [i.e., claims 1), 3) and 4)] do not concern the resentencing, we affirm the sentences imposed by the trial court. [Footnotes omitted.]

*Sanders*, 861 So.2d at 592.

Following the Louisiana Fifth Circuit's opinion, petitioner filed a writ application with the Louisiana Supreme Court raising, in part, the same three claims which the state appellate court had determined were procedurally barred.[6] On May 14, 2004, the Louisiana Supreme Court issued an opinion, *State v. Sanders*, 876 So.2d 42 (La. 2004), wherein the court amended petitioner's sentence to provide that only the first five years of her 15-year sentence would be served without the benefit of parole. The court, however, did not address the three claims which the state appellate court had determined were procedurally barred. Petitioner, therefore, filed an application for rehearing, bringing this apparent oversight to the court's attention.[7] In response, the Louisiana Supreme Court, on September 3, 2004, issued a two-word opinion: "Rehearing denied." *State v. Sanders*, 882 So.2d 590 (La. 2004).

---

[6] A copy of petitioner's state supreme court brief is contained in the State rec., vol. 4 of 4.

[7] A copy of petitioner's rehearing application is contained in the State rec., vol. 4 of 4.

On October 22, 2004, petitioner filed the instant federal habeas corpus application.[8] In her application, petitioner raises the three claims which the Louisiana Fifth Circuit Court of Appeal found to be procedurally barred. Petitioner argues: 1) She was unconstitutionally determined to be a second-felony offender because the earlier offense upon which her multiple offender status was based, was not considered to be a "crime of violence", as required under Louisiana's recidivist statute, at the time the offense was committed;[9] 2) she was unconstitutionally determined to be a second-felony offender because the trial court, in finding that she was a multiple offender, violated the "ex post facto prohibition";[10] and, 3) she was unconstitutionally determined to be a second-felony offender "because the State failed to prove the date of the discharge and supervision from [her] first offense."[11]

---

[8]This October 22, 2004 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his or her petition, in this case, October 22, 2004, is presumed to be the date he or she delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[9]*See* Federal rec., doc. 2, petitioner's supporting memorandum at pp. 2-3.

[10]*See* Federal rec., doc. 2, petitioner's supporting memorandum at pp. 3-6.

[11]*See* Federal rec., doc. 2, petitioner's supporting memorandum at pp. 7-10. In its Response (Federal rec., doc. 6, p. 4), the State asserts that the instant habeas petition "includes a fourth claim of actual innocence [sic]...." However, in her petition, Sanders does not list "actual innocence" as

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), *citing Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338 (citations omitted). As explained in *Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S.Ct. 2546, 2554, 115 L.Ed .2d 640 (1991): "In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity.... Without the rule, ... habeas would offer state prisoners whose custody was supported by independent and adequate state grounds ... means to undermine the State's interest in enforcing its laws."

In order to fulfill the independence requirement of the above-described doctrine, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar. *Amos*, 61 F.3d at 338; *Harris*, 489 U.S. at 263, 109 S.Ct. at 1043. When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal

---

a fourth substantive claim. Instead, as shown *infra*, petitioner's "actual innocence" argument is presented in connection with her effort to overcome the fact that federal review of her three substantive claims is barred under the procedural default doctrine.

6

claim, the federal court will presume that the state court has relied upon the same grounds as the last **reasoned** state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991) (emphasis added).

In the instant matter, the Louisiana Fifth Circuit Court of Appeal issued the last reasoned opinion with respect to the issues presently before this court. The state appellate court, rather than addressing the merits of these claims, specifically determined that, procedurally, the three claims were not "properly before this [c]ourt in this appeal" since the matter was remanded for re-sentencing only and therefore, the only issues which could properly be raised in petitioner's second appeal were those regarding resentencing. *Sanders*, 861 So.2d at 592; *see also State v. Gassenberger*, 836 So.2d 271, 273 (La. App. 5 Cir. 2002). Based upon the court's explicitness, it is clear that the "independent" requirement has been satisfied.

The state procedural ground or requirement relied upon by the Louisiana Fifth Circuit in dismissing the instant claims must also be "adequate". An "adequate" ground is "one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *citing Amos*, 61 F.3d at 339. A state procedural ground enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id.*, *citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996). The burden is on petitioner to establish that the state ground or requirement relied upon to deny his or her claims is not

strictly and regularly followed. *See Chester v. Cain*, 2001 WL 1231660, *6 (E.D. La. 2001),

*citing Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996) (additional citation omitted).[12]

In this case, petitioner has provided no evidence to suggest nor has she even

argued that the pertinent state procedural requirement, pursuant to which the Louisiana Fifth

Circuit dismissed her claims, has not been strictly or regularly followed. Accordingly, the

court finds that the procedural bar relied upon by the state appellate court to deny the instant

claims constitutes an "independent" and "adequate" state law ground. As such, federal

habeas review of this matter is barred absent a showing by petitioner of cause for failing to

comply with the state procedural requirement and actual prejudice if a federal review on the

merits is not undertaken. As the Supreme Court explained in *Dretke v. Haley*, 541 U.S. 386,

393, 124 S.Ct. 1847, 1852, 158 L.Ed.2d 659 (2004):

[W]hile an adequate and independent state procedural disposition strips this Court of
certiorari jurisdiction to review a state court's judgment, it provides only a strong
prudential reason, grounded in "considerations of comity and concerns for the orderly
administration of justice," not to pass upon a defaulted constitutional claim presented for
federal habeas review. *Francis v. Henderson*, 425 U.S. 536, 538-539, 96 S.Ct. 1708, 48
L.Ed.2d 149 (1976); *see also Fay v. Noia*, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837
(1963) ("[T]he doctrine under which state procedural defaults are held to constitute an
adequate and independent state law ground barring direct Supreme Court review is not to
be extended to limit the power granted the federal courts under the federal habeas
statute"). That being the case, we have recognized an equitable exception to the bar when

---

[12]Generally, a state fails to strictly and regularly apply a state procedural requirement when
it clearly and unequivocably excuses a litigant's failure to comply with the requirement. *See
Chester, supra*. Further, the state must fail to enforce compliance within the context of a situation
similar to petitioner's wherein compliance was required. *Id*. "*De minimis* exceptions" will not
prevent the State from relying on the state ground to dismiss a petitioner's claims; "'an occasional
act of grace by a state court ... does not render the rule inadequate.'" *Id., quoting Martin*, 98 F.3d
at 848 (citation omitted).

a habeas applicant can demonstrate cause and prejudice for the procedural default.... The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that "fundamental fairness [remains] the central concern of the writ of habeas corpus." *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the instant action, petitioner has provided no explanation as to why the instant claims were not presented in a procedurally proper manner.  As such, she has failed to establish cause for the procedural default and, "[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir.1996).  Such a determination, however, does not put the matter to rest.  In *Dretke v. Haley,* 541 U.S. at 393, 124 S.Ct. at 1852, the Supreme Court observed:

The cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), thus recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Id.,* at 496, 106 S.Ct. 2639; *accord, Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  We subsequently extended this exception to claims of capital sentencing error in *Sawyer v. Whitley,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).  Acknowledging that the concept of "actual innocence" did not translate neatly into the capital sentencing context, we limited the exception to cases in which the applicant could show "by clear and convincing evidence that, but for constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Id.,* at 336, 112 S.Ct. 2514.

In the instant matter, petitioner argues that the above-described "actual innocence" exception should be extended a step further, to her three procedurally barred claims of non-capital sentencing errors.  In support of her argument, petitioner cites *Haley*

*v. Cockrell*, 306 F.3d 257 (5th Cir. 2002), a case where the Fifth Circuit did, in fact,

extend the "actual innocence" exception to a claimed non-capital sentencing error, setting

forth the following test: "In order to be actually innocent of a non-capital sentence, the

petitioner must show that but for the constitutional error he would not have been legally

eligible for the sentence he received." *Haley v. Cockrell*, 306 F.3d at 263-264 (quotations

omitted).

        Petitioner's reliance on *Haley v. Cockrell* is misplaced as the Fifth Circuit's

decision was vacated by the Supreme Court in *Dretke v. Haley*, 541 U.S. at 393, 124 S.Ct.

at 1852, wherein the Court specifically declined to "extend the actual innocence

exception to procedural default of constitutional claims challenging noncapital sentencing

error." The Court reasoned that such an extension was unnecessary since, "'for the most

part, victims of fundamental miscarriage of justice will meet the cause-and-prejudice

standard.'" *Dretke v. Haley*, 541 U.S. at 394, 124 S.Ct. at 1852, *quoting Carrier*, 477

U.S. at 495-496, 106 S.Ct. 2639 (additional quotation omitted). Alternatively, the burden

of proving one's entitlement to equitable relief, thereby avoiding having one's claims

barred from habeas review under the procedural default doctrine, falls squarely on the

shoulders of the habeas petitioner. *See McCleskey v. Zant*, 499 U.S. 467, 494-495, 111

S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). In this instance, petitioner has clearly failed

to meet her burden, providing, in support of her "actual innocence" claim, only a

recitation of the Fifth Circuit's decision in *Haley v. Cockrell*, *supra*, along with two other

appellate court cases cited in *Cockrell*, along with the attachment of copies of her state court pleadings.  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Edith Sanders, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _20th_ day of _March_,
2006.

LOUIS MOORE, JR.
United States Magistrate Judge

11